IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARE COMM, INC. | : |
| *Plaintiff,* | : Case Number: 06-mc-00356-GK |
| v. | : United States District Court for the Western |
| | : District of Kentucky-Louisville Division |
| PBM PRODUCTS, INC., PBM PHARMACEUTICALS, INC. and WYETH | : |
| | : Case Number: 3:04-CV- 601-H |
| *Defendants.* | : |

### NON-PARTY AKIN GUMP STRAUSS HAUER & FELD LLP'S OPPOSITION TO CARE COMM INC.'S MOTION TO COMPEL

#### INTRODUCTION

By its motion to compel, Care Comm, Inc. ("Care Comm") attempts to use this Court in an end run around the forum court. The forum court ruled that Care Comm's subpoena to third party Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") was so irrelevant to the issues in this case that it did not warrant granting Care Comm an extension to respond to PBM Products, Inc.'s ("PBM") motion for summary judgment. Care Comm now moves this Court hoping for a different result. Care Comm's overbroad and burdensome subpoena seeks documents third party Akin Gump already sent to its former client, PBM, and Akin Gump's work product. Care Comm's motion is baseless and should be denied for three principal reasons.

First, as Akin Gump advised Care Comm, the original files relating to Akin Gump's representation of PBM were forwarded to PBM and Akin Gump is no longer in possession of these documents. The documents sent to PBM are not in Akin Gump's possession, custody or control, and Akin Gump cannot be ordered to produce them.

Second, if Akin Gump is currently in possession of any responsive documents, these documents were never provided to PBM and are protected by the work product doctrine, notwithstanding PBM's purported reliance on the advice of counsel defense.

Third, Care Comm does not even address Akin Gump's objections to the overbroad, unduly burdensome and irrelevant nature of the document requests in the subpoena. Therefore, Care Comm has not met its burden of showing that production is required.

## BACKGROUND

Care Comm sued PBM and other defendants in the United States District Court for the Western District of Kentucky claiming that PBM infringes Care Comm's "Bright Beginnings" trademark. Care Comm contends that PBM has invoked the advice of Akin Gump, PBM's former counsel, as a defense to Care Comm's allegation of knowing and willful infringement. Care Comm neglects to tell this Court that PBM already produced the documents it intends to rely upon in support of its advice of counsel defense.[1]

Care Comm served a subpoena on Akin Gump on May 30, 2006. *See* Care Comm's Motion at Exhibit "E." Accompanying Care Comm's subpoena were document requests seeking, among other things "all documents related to the prosecution of any trademark application to register the mark Bright Beginnings on behalf of PBM." Akin Gump served timely objections to the subpoena on June 13, 2006. Care Comm's Motion at Exhibit "F."

Akin Gump objected to the document requests accompanying Care Comm's subpoena on the grounds of:

- attorney-client privilege;

---

[1] Attached as Exhibits "A" and "B" to Care Com's motion to compel are the very opinion letters upon which the PBM's purported advice of counsel defense is based. As the Bates label indicates, these documents were produced by PBM.

2

- attorney work product;
- Care Comm's document requests are overbroad, unduly burdensome, vague and ambiguous; and
- Care Comm's document requests are not reasonably calculated to lead to admissible evidence.

*See* Care Comm's Motion at Exhibit "F."

Akin Gump also stated that after its attorney-client relationship with PBM ceased, Akin Gump forwarded all original file materials to PBM and is no longer in possession, custody or control of these files. *Id.* Akin Gump did not – contrary to Care Comm's recitation – represent that it retained hard copies of the documents contained in the original file. Akin Gump did not retain hard copies of any PBM files related to this matter. Any potentially responsive documents in Akin Gump's possession would be duplicate electronic files or draft work product.

In what it claims was an attempt to work with Akin Gump toward an extrajudicial resolution to Akin Gump's objections, Care Comm threatened to seek contempt sanctions if Akin Gump did not produce documents. *See* Care Comm's Motion at Exhibit "G." Akin Gump reiterated its objections and advised Care Comm, once again, that Akin Gump forwarded its original file to PBM when its attorney-client relationship with PBM ended. *See* Care Comm's Motion at Exhibit "H."

On July 14, 2006, Care Comm filed a motion in the forum court for an extension of time to respond to PBM's motion for summary judgment based in large part on Akin Gump's alleged improper refusal to produce responsive documents. *See* Care Comm's Motion for Extension of Time attached as Exhibit "A." <u>The forum court rejected Care Comm's arguments</u> and refused to grant an extension beyond what PBM had agreed to, commenting that "[Care Comm's] final

3

flurry of discovery activities should not prevent the plaintiff's presentation of an informed response to defendant's substantive arguments." *See* 7/20/06 Order attached as Exhibit "B."[2]

Now – hoping this Court will take a different view – Care Comm asks this Court to compel Akin Gump to produce documents Akin Gump does not have and documents that are protected by the work product doctrine. Care Comm's motion lacks merit and should be denied.

## OPPOSING POINTS AND AUTHORITIES

### I. DOCUMENTS FORWARDED TO PBM ARE NOT IN AKIN GUMP'S POSSESSION, CUSTODY OR CONTROL

Akin Gump repeatedly advised Care Comm that it forwarded its original file materials to PBM and did not – contrary to the statements in Care Comm's motion – retain hard copies of these files. Care Comm admits that PBM produced documents from these files, and has attached several of them to its motion to compel. Nevertheless, Care Comm speculates that PBM has additional documents that were not produced and attempts to drag Akin Gump into the dispute claiming these documents are somehow in Akin Gump's possession, custody or control.[3] Care Comm's persistence is legally unsupportable and its claim that Akin Gump has control over documents in the possession of its former client is meritless.

Care Comm argues that documents are in a party's possession, custody or control for discovery purposes if that party has the legal right to obtain the documents on demand. *Kifle v. Parks & History Ass'n.*, 1998 WL 1109117 *1 (D.D.C. October 15, 1998). However, Care Comm does not cite any authority for the proposition that an attorney has any legal right to

---

[2] The "final flurry" language the forum court used to describe Care Com's conduct references the fact that the discovery in this action was to be <u>completed</u> before June 24, 2006. *See* Memorandum of Rule 16 Conference and Scheduling Order attached as Exhibit "C."

[3] Whether PBM has fully complied with its discovery obligations is a dispute that this Court need not be burdened with and has no jurisdiction to decide.

4

documents in the physical control of a client – much less a former client. Indeed, several courts including this one have suggested that the legal right to documents created by a lawyer pursuant to their representation of a client belongs to the client. *See e.g., American Soc. For Prevention of Cruelty to Animals v. Ringling*, 233 F.R.D. 209, 212 (D.D.C. 2006).

In the absence of any legal support for its position, Care Comm cannot meet its burden of showing that the documents Akin Gump forwarded to its former client, PBM, are in Akin Gump's possession, custody or control. *Norex Petroleum Ltd. v. Chubb Ins. Co. of Canada*, 384 F.Supp.2d 45, 54 (D.D.C. 2005) (citing 7 Moore's Federal Practice § 34.14(2)(b) (2004)) ("The burden of establishing control over the documents sought is on the party seeking production"). Care Comm should seek the documents from PBM. An Order requiring Akin Gump to produce these documents is unnecessary, and Care Comm's motion should be denied.

## II. IF ANY DOCUMENTS ARE IN AKIN GUMP'S POSSESSION THEY ARE AKIN GUMP'S WORK PRODUCT

Even if PBM waived the attorney-client privilege by asserting an advice of counsel defense to Care Comm's trademark infringement claims,[4] any documents in Akin Gump's possession are protected by the work product doctrine and are not discoverable.

Contrary to Care Comm's assertions, a defendant's reliance on an advice of counsel defense to willful infringement does not give the plaintiff unfettered access to the files of defendant's attorneys. *See Thorn EMI North America v. Micron Tech*, 837 F. Supp. 616, 621-23 (D. Del. 1993) ("[C]ourts generally find a work product waiver, only if facts relevant to a particular, narrow subject matter are at issue…"). In this context, the scope of any waiver of

---

[4] As far as Akin Gump is aware no court has found that PBM impliedly waived the attorney-client privilege and PBM has not expressly advised Akin Gump that the privilege has been voluntarily waived. On the contrary, PBM objected to Care Com's subpoena incorporating all of Akin Gump's objections including its objection based on the attorney-client privilege. *See* PBM's Objections to the Subpoena attached as Exhibit "D".

work product protection extends only so far as to inform the court of the alleged infringer's state of mind. *In re Echostar Communications Corp.*, 448 F.3d 1294, 1303 (Fed. Cir. 2006). Here, PBM has the original file. PBM has everything upon which it allegedly relied, and claims it relied upon. Akin Gump's opinion letters and other documents PBM already produced should be more than sufficient to inform Care Comm as to PBM's state of mind with respect to its use of the "Bright Beginnings" mark.

Akin Gump forwarded its original file to PBM and did not retain hard copies of those documents. Although Akin Gump has not undertaken an exhaustive search, the only conceivably responsive documents Akin Gump possesses would be unsigned electronic versions of documents or drafts of documents on its computer system.[5] If Akin Gump sent any of these documents to PBM, then PBM has them. However, to the extent such documents were not sent to PBM, they are work product. The Federal Circuit's recent decision in *Echostar* confirms that the assertion of an advice of counsel defense does <u>not</u> waive work product protection with respect documents like these that the client never received, and could not possibly have relied upon. *See In re Echostar Communications Corp.*, 448 F.3d at 1304 (the assertion of an advice of counsel defense does not waive work product protection for opinions, mental impressions or other materials that were "never communicated to the client"). *Echostar* is consistent with this Court's opinion in *Intex Recreation Corporation v. Metalast, S.A.*, 2005 U.S. Dist. LEXIS 10149 (D.D.C. Mar. 2, 2005), which Care Comm relies upon and attaches as an exhibit to its motion. Although Care Comm omits this language from its motion, the *Intex* court specifically held that

---

[5] In order for Akin Gump to determine if an electronic document on its computer system is a draft, it would be necessary for Akin Gump to perform a word for word comparison with the original document sent to PBM. Since the original documents are no longer in Akin Gump's possession, such an exercise would be impossible and, in any event, would impose an unnecessary, undue burden on non-party Akin Gump.

reliance on the advice of counsel defense results in a waiver of the work product doctrine only "to the extent those documents were provided to the client." *Id.* at * 11 (emphasis added).

Under these circumstances, the only documents that could possibly be in Akin Gump's possession, custody or control are drafts or unsigned electronic versions of documents, which were never provided to PBM. Notwithstanding PBM's purported reliance on Akin Gump's advice as a defense, these documents are protected work product. Therefore, Care Comm's motion to compel Akin Gump to produce these documents should be denied.

### III. CARE COMM FAILED TO ADDRESS AKIN GUMP'S OTHER OBJECTIONS

Care Comm's argument that Akin Gump's objections to its subpoena are "primarily" based on the attorney-client privilege and work product doctrine is inaccurate. *See* Care Comm's Motion at p. 4. Akin Gump also objected to Care Comm's subpoena on the grounds that the documents sought are irrelevant and that the requests are overly broad and unduly burdensome. Care Comm does not even address these objections and its motion should be denied for this reason alone.

When timely objections have been served and a motion to compel is filed, "the burden of establishing the appropriateness [of the subpoena] is on the serving party." *In re Subpoena Duces Tecum Served on Bell Communications Research, Inc.*, 1997 WL 10919 * 1 (S.D.N.Y. Jan. 13, 1997). Thus, Care Comm has the burden of showing that the documents sought from Akin Gump are relevant, and that production of these documents would not impose an undue burden. *See Allen v. Howmedica Leibinger, GmhH*, 190 F.R.D. 518, 524-25 (W.D. Tenn. 1999).

Care Comm has not met this burden. Care Comm has made no showing that the documents sought from Akin Gump are relevant given that PBM already produced the opinion letters and other materials upon which PBM intends to rely for its advice of counsel defense.

Care Comm also ignores Akin Gump's objections to the burdensome nature of the document requests and has provided no justification whatsoever for an order requiring Akin Gump to perform an unduly burdensome search through its electronic archives for potentially responsive documents. Care Comm's failure to offer any reason why Akin Gump's other objections should be overruled requires that its motion to compel be denied.

## CONCLUSION

For each of the foregoing reasons, Care Comm's motion to compel Akin Gump to produce documents in response to its subpoena must be denied.

Respectfully submitted,

BY: _____
Cheryl A. Falvey
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
  Telephone: (202) 887-4000
  Facsimile: (202) 887-4288

  *-and-*

David L. Comerford
AKIN GUMP STRAUSS HAUER & FELD LLP
One Commerce Square, 22nd Floor
2005 Market Street Suite 2200
Philadelphia, PA  19103
  Telephone: (215) 965-1200
  Facsimile: (215) 965-1210

*Attorney for Akin Gump Strauss Hauer & Feld LLP*

## CERTIFICATE OF SERVICE

I, Cheryl A. Falvey, hereby certify that on the 9th day of August, 2006, a true and correct copy of the Non-Party Akin Gump Strauss Hauer & Feld LLP's Opposition to Care Comm's Motion to Compel, was served upon the following via U.S. Mail:

| | |
|---|---|
| Jennifer L. Kovalcik, Esquire<br>Stites & Harbison, PLLC<br>400 West Market Street, Suite 1800<br>Louisville, KY 40202<br><br>*Counsel for Plaintiff*<br>Care Comm, Inc. | Samuel D. Hinkle IV, Esquire<br>Angela S. Fetcher, Esquire<br>Stoll Keenon & Ogden, PLLC<br>PNC Plaza<br>2000 PNC Plaza<br>500 West Jefferson Street<br>Louisville, KY 40202-2874<br><br>*Counsel for Defendants,*<br>PBM Products, Inc., PBM Pharmaceuticals, Inc.<br>and Wyeth |
| David G. Greene, Esquire<br>Allen Wasserman, Esquire<br>Lord Bissell & Brook LLP<br>885 Third Avenue, 26th Floor<br>New York, NY 10022<br><br>*Counsel for Defendants,*<br>PBM Products, Inc., PBM Pharmaceuticals, Inc.<br>and Wyeth | |

_____
Cheryl A. Falvey