UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CARE COMM, INC.,

    PLAINTIFF

v.

PBM PRODUCTS, INC.,
PBM PHARMACEUTICALS, INC., and
WYETH,

    DEFENDANTS.

CIVIL ACTION NO.: 3:04-CV-601-H

### PLAINTIFF'S COMBINED MOTION AND MEMORANDUM FOR EXTENSION OF TIME AND FOR BRIEFING SCHEDULE FOR RESPONDING TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff Care Comm, Inc., by counsel, moves the Court for a briefing schedule and for an extension of time in which to respond to the defendants' motion for summary judgment. Defendants PBM Products, Inc., PBM Pharmaceuticals, Inc., and Wyeth (collectively "PBM"), filed their joint motion for summary judgment and supporting memorandum (collectively, the "Motion") on July 3, 2006, during the Fourth of July holiday. The Motion includes several inches of affidavits and exhibits covering multiple theories related to liability, affirmative defenses, and damages. There can be no dispute that these issues are significant for all parties. Under the Local Rules, Care Comm has only 15 days to respond, and Plaintiff's response is currently due on July 21, 2006. Care Comm requests a briefing schedule and seeks additional time to respond to the Motion to enable Care Comm to resolve several discovery disputes pending in multiple jurisdictions that are germane to the allegations in defendants' Motion.

First, defendants failed to produce to Care Comm copies of all documents that are responsive to Care Comm's timely served discovery requests. The documents requested from

PBM directly relate to PBM's intent in selecting the mark, damages, and other "likelihood of confusion" factors. The total number of documents produced by all three defendants amounts to less than one bankers box.[1] The launch of defendants' BRIGHT BEGINNINGS branded infant formula was a significant business venture for defendants as they moved from being solely a distributor of other brands to owning their first independent brand of formula under the BRIGHT BEGINNINGS mark. Defendants considered several marks, conducted a focus group, hired Brooke Shields and more recently Elisabeth Hasselbeck as national spokeswoman, and spent more than $11.5 million in advertising and marketing expenses for this mark. Yet, PBM and Wyeth produced less than one box of documents combined. Care Comm's counsel has been trying to work with PBM's counsel for the production of supplemental discovery responses, which were promised to be delivered on July 11. No additional documents, however, were produced on July 11. Instead, and for only a select group of financial documents, PBM advised Care Comm on July 11 that it would make certain documents available for inspection "to the extent they exist" and advised that the documents are located in Virginia, Pennsylvania, and Vermont, despite previously denying Care Comm the opportunity to go on site to view these documents prior to the close of discovery.

While a motion for summary judgment can be made at any time, before requiring Care Comm to respond to such a comprehensive and dispositive motion, Care Comm should have the benefit of completing this significant discovery germane to and sought well before the filing of the Motion.

Second, PBM's motion places great emphasis on the advice it received from its prior trademark counsel, the law firm of AKIN GUMP STRAUSS HAUER & FELD LLP, during

---

[1] By comparison, Care Comm, a small company essentially run by one woman, produced 89 boxes including complete financial records, invoices, and customer records.

PBM's selection and adoption of the BRIGHT BEGINNINGS mark. Although the United States District Court for the District of Columbia issued a subpoena which Care Comm served on Akin Gump seeking documents supporting PBM's "advice of counsel" defense, Akin Gump objects to the subpoena and refuses to produce a single document, even though a central theme of the pending Motion revolves around the Akin Gump advice. Despite heavily relying on advice of counsel to justify its adoption of an identical mark with prior knowledge of Care Comm, PBM continues to interfere with Care Comm's discovery, apparently instructing its other counsel to resist discovery thereby prolonging Care Comm's investigation of the full circumstances surrounding the advice given. *See* attached Exhibit A (correspondence from Akin Gump reiterating its refusal to produce the subpoenaed documents based on the attorney client privilege as directed by PBM).

Attempts to extrajudicially resolve this matter have failed. Accordingly, Care Comm is forced to pursue a motion to compel against Akin Gump in the United States District Court for the District of Columbia which issued the subpoena. Care Comm needs the documents subpoenaed from Akin Gump to determine the extent and reasonableness of PBM's "advice of counsel" defense. Care Comm should be permitted to obtain this information before responding to PBM's assertions in its Motion that the advice received from Akin Gump prevents Care Comm from recovering its attorneys' fees, among other assertions.

Third, Care Comm's discovery attempts to PBM's additional prior counsel Joel Bock, have been frustrated. Attorney Bock took over representation of PBM from Akin Gump after PBM's trademark application for the mark BRIGHT BEGINNINGS was initially refused registration by the U.S. Patent & Trademark Office based in part on Care Comm's BRIGHT BEGINNINGS registration. Mr. Bock may also have information relating to PBM's advice of

counsel defense. Furthermore, before this litigation was filed, Mr. Bock contacted Care Comm's president Mary Anne Arnold and attempted to surreptitiously purchase Care Comm's mark. This conduct is also germane to PBM's intent in selecting and adopting the mark. The United States District Court for the District of New Jersey issued a subpoena which Care Comm served on Mr. Bock for the production of documents as well as for a deposition. Mr. Bock has not produced any documents to date, and his deposition was stayed pending a resolution of an ongoing dispute over the scope of permitted examination. Care Comm's attempts to resolve these issues with Mr. Bock's counsel have failed. Although Magistrate Judge Moyer offered to hear this issue, Mr. Bock refused to submit to the jurisdiction of this Court. Accordingly, Care Comm is forced to file a motion to compel in the United States District Court for New Jersey which issued the subpoena at issue. Care Comm should also have the benefit of the subpoenaed information before being required to respond to defendants' summary judgment motion.

Fourth, PBM's Motion relies on the proffered expert report of Mr. William Needle, an Atlanta intellectual property lawyer who opines on various likelihood of confusion factors as well as damages. The United States District Court for the Northern District of Georgia issued a subpoena which Care Comm served on Mr. Needle. No objections were served. Mr. Needle, however, failed to comply with the subpoena. Care Comm only received PBM's copies of documents it sent to Mr. Needle rather than documents contained in Mr. Needle's file. More importantly, Mr. Needle failed to produce any underlying data to support his opinions. Care Comm is forced to move to compel Mr. Needle's compliance in the United States District Court for the Northern District of Georgia. This motion has been drafted, is being finalized, and will be filed forthwith. Care Comm should be permitted to obtain this discovery before it must respond to PBM's assertions in its Motion that rely on Mr. Needle's report.

Care Comm is not seeking to extend the discovery period. Rather, Care Comm seeks to obtain complete responses to its highly pertinent discovery timely served well before PBM's Motion was filed before Care Comm must respond to defendants' motion for summary judgment. Prior to filing this motion, Care Comm requested that PBM agree to an extension and enter into a briefing schedule whereby Care Comm's deadline to respond would be extended from July 21 to September 8, 2006, and PBM's reply would be due October 9, 2006. PBM refused and was willing to grant Care Comm only a brief two week extension—obviously insufficient time to complete the necessary discovery in several foreign courts.

For all of the foregoing reasons, Care Comm's motion for an extension should be granted to permit Care Comm sufficient time to resolve discovery disputes germane to the pending motion for summary judgment.

/s/ Joel T. Beres
_____
Jack A. Wheat
Joel T. Beres
John W. Scruton
Jennifer L. Kovalcik
STITES & HARBISON, PLLC
400 West Market Street, Suite 1800
Louisville, KY 40202-3352
Telephone: (502) 587-3400
ATTORNEYS FOR PLAINTIFF CARE COMM, INC.

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy hereof this 14th day of July, 2006, via the court's electronic filing system upon the following counsel:

Samuel D. Hinkle IV
Angela S. Fetcher
STOLL, KEENON & PARK, LLP
2650 AEGON Center
400 West Market Street
Louisville, Kentucky 40202

Gregory Casamento
LORD, BISSELL & BROOK, LLP
885 Third Avenue, 26th Floor
New York, New York 10022

and by facsimile transmission to:

David G. Greene
Allen Wasserman
LORD, BISSELL & BROOK, LLP
885 Third Avenue, 26th Floor
New York, New York 10022

/s/ Joel T. Beres
_____
One of the Counsel for Plaintiff