IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CARE COMM, INC., | ) | Case No. 06-mc-00356-GK |
|             Plaintiff, | ) | |
| vs. | ) | Case No.: 3:04-CV-601-H |
| | ) | (U.S. District Court for the Western District |
| | ) | of Kentucky) |
| PBM PRODUCTS, INC., et. al., | ) | |
|             Defendants. | ) | |

**REPLY IN SUPPORT OF CARE COMM'S MOTION
TO COMPEL AKIN GUMP**

RECEIVED
AUG 2 1 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

On August 4, 2006, Care Comm moved this Court to compel Akin Gump to produce documents responsive to a subpoena with which Akin Gump has refused to comply. This subpoena requests documents that typically constitute attorney-client privilege or work product doctrine: documents related to work by Akin Gump for Defendants concerning a "Bright Beginnings" mark. Akin Gump does not deny it conducted such work, and that such work included concerns of Defendants' infringement on a "Bright Beginnings" mark owned by Care Comm. Akin Gump admits that Care Comm has since sued Defendants for "willfully" and "knowingly" infringing on this mark. Defendants have responded with an "advice of counsel" defense. (*See* Akin Gump's Opposition ("Opp.") at 2.)

Akin Gump does not contest that when an "advice of counsel" defense is made, a waiver of the attorney-client privilege and work product doctrine occurs. *See* Opp 5-7; *Bombardier*, 221 F.R.D. at 8n.4; *Intex Recreation Corp.*, 2005 U.S. Dist. LEXIS 10149, at *6-7.[1] It does not contest that this waiver extends to both (a) all communications between lawyer and client related to the subject of the advice; and to (b) all "documents that <u>discuss a communication</u> between attorney and client" related to that subject matter. *See In re EchoStar Comm. Corp.*, 78 USPQ2d

---

[1] In fact, Akin Gump cites both *Intex* and *Echostar*, two cases clearly finding waiver where an advice of counsel defense is made, as authority in its own opposition. To the extent Akin Gump suggests there has been no waiver – despite production – Defendants have asserted the defense (*see, e.g.* Opp. at 5n.4) – such assertions are disingenuous.

at 1682. Akin Gump finally does not contest that Defendants, whose privilege Akin Gump is asserting, have not intervened and objected to the subpoena.

Despite these admissions, Akin Gump refuses to produce documents on three grounds:

- First, it claims that it lacks possession of the "original documents" or "hard copies" of its work. (*See* Opp. at 4-5.) However, it admits to possession of <u>relevant</u> electronic documents, and avoids the subject of email altogether. (*Id.* at 3.)

- Second, Akin Gump claims the documents that it possesses <u>may</u> not have been sent to Defendants,[2] and are thereby automatically work product. However, under Akin Gump's cited authority, documents do not have to be sent to a client to invoke a waiver if such documents <u>discuss a communication with that client</u>.

- Third, Akin Gump argues the document demands are overbroad, unduly burdensome, and irrelevant. These objections are contradicted both by the relevant case law, as well as by the majority of Akin Gump's Opposition, which argues it possesses few – if any – documents.

**I.     Akin Gump Admits Possession of Responsive Documents.**

Akin Gump argues that it forwarded "all original file materials" to Defendants and kept no "hard copies." (Opp. at 3.) Akin Gump does not state that it did not keep an <u>electronic version</u> of this file. In fact, it admits it has at least some electronic files "duplicative" of such "hard copy" or "original file materials". (*Id.*) Under the Federal Rules of Civil Procedure, electronic documents are no different than hard copies and must be produced. *See* Fed. R. Civ. P. 34.

---

[2] Akin Gump admits that it does not know – and has not checked – if electronic documents in its possession were sent to Defendants. In spite of this admission, it argues it may treat such document as work product.

2

Akin Gump also avoids the topic of electronic mail altogether. Any privilege over email communications between Akin Gump and Defendants concerning the "Bright Beginnings" mark has been waived and must be produced. Email between individual Akin Gump attorneys or between such attorneys and third parties <u>discussing</u> communications with Defendants must also be produced. *See In re Echostar Comm. Corp.*, 78 USPQ2d at 1862.

II.  **Akin Gump's Electronic Documents Are Not Work Product Merely Because They "May" Not Have Been Sent To Defendants.**

Akin Gump's second argument admits it possesses electronic versions and drafts of responsive documents on its computer system. (Opp. at 6). Akin Gump further admits it <u>may</u> have sent some of these documents to Defendants. (*Id.*) Akin Gump is therefore withholding communications with Defendants that must be produced.

Akin Gump goes on to argue that electronic documents that were not sent to the client are automatically work product that was not waived by Defendants' "advice of counsel" defense. (*Id.*) Akin Gump cites *In re Echostar Comm. Corp.* as its authority for this proposition. *Echostar* does not support this argument. *Echostar* noted two types of documents over which work product is waived when an "advice of counsel" defense is made. The first includes communications (including letters and emails) that are sent to the client. 78 USPQ2d at 1682. Such documents must be produced by Akin Gump. *Id.* The second category includes documents that "<u>reference or describe a communication between the attorney and client but were not actually communicated to the client</u>." *Id.* at 1864. Privilege or work product over such documents has been waived and they must be produced.

Thus, under Akin Gump's own authority, Defendants have waived work product on all electronic documents in Akin Gump's possession <u>discussing</u> any communication between Defendants and Akin Gump regarding "Bright Beginnings." Although Akin Gump suggests such documents may also contain mental impressions that were never provided to the client, such

3

impressions – under *Echostar* – may be redacted, but do not form an adequate basis to withhold. *Id.*

Finally, a party refusing to produce on grounds of work product bears the burden of proving the privileged nature of the documents withheld. *See In re Subpoena of Michael Kroll*, 224 F.R.D. 326, 328 (E.D.N.Y. 2004). In so doing, the withholding party <u>must</u> also produce a privilege log listing the documents withheld and the nature of their content. *See* Fed. R. Civ. P. 45(d)(2). **Failure to submit a privilege log waives any privilege claim or objection.** *See GFL Adv. Fund v. Colkitt*, 216 F.R.D. 189, 195 (D.D.C. 2003).

Here, Akin Gump has refused to produce documents on grounds of privilege and work product. It has never provided a privilege log. As such, it has waived any privilege objection. It must therefore produce all responsive documents – electronic or otherwise – in its possession. Akin Gump has further failed to meet its burden by providing any other evidence of the "work product" nature of the documents it is withholding. It supports its assertion solely with dicta and conclusory statements contained in its Opposition. It does not attach either an affidavit or declaration "proving" any facts that might suggest particular documents constitute work product. In fact, Akin Gump only speculates that its documents "<u>might</u>" never have been sent to Defendants. Such pure speculation does not meet Akin Gump's burden for withholding documents responsive to the subpoena.

**III.   Akin Gump's Overbroad, Unduly Burdensome, and Irrelevant Objections Are Improper and Unsupported.**

**A.   The Requests Are Neither Overly Broad Nor Unduly Burdensome.**

Akin Gump spends its entire Opposition arguing it has few-to-no responsive documents. (Opp. at 1-7.) It then inexplicably argues the exact opposite – that producing responsive documents creates some incredible burden because the request is so "broad." Care Comm is only seeking what Akin Gump's authority (*see Echostar, supra*) holds that Care Comm is

4

entitled: all communications and documents discussing communications between Akin Gump and Defendants concerning the "Bright Beginnings" mark. Care Comm's request therefore cannot be – by definition – overly broad or unduly burdensome. Further, Akin Gump – not Care Comm – carries the burden for proving its "undue burden" objection. *See Sentry Ins. v. Shivers*, 164 F.R.D. 255, 256 (D. Kan. 1996). Akin Gump may not support such an objection by mere dicta or conclusory statements in its motion. *See Baruteau v. Krane*, 206 F.R.D. 129, 131 (W.D. Ky. 2001). Where, as here, a party fails to provide supporting evidence in the form of affidavits, declarations, or other evidence, it may not refuse to comply with a subpoena on "burden" grounds. Akin Gump should be compelled to produce. *Id.*

**B.     The Requests Are Relevant Under the Cited Authority.**

Akin Group finally argues the requests are irrelevant. It attempts to argue that the magistrate presiding over the action in the United States District Court for the Western of District of Kentucky has already ruled them irrelevant. (*Id.* at 1.) It argues that Care Comm is only entitled to documents that Defendants personally decide to rely on to support their "advice of counsel" defense. (*Id.* at 2.) Akin Gump's argument is neither legally nor factually correct.

A party is entitled to obtain discovery as to any matter that is relevant to a claim <u>or defense</u> in a litigation. *See GFL Adv. Fund*, 216 F.R.D. at 194. Here, the defense in question is "advice of counsel." Under Akin Gump's own authority (*see Echostar, supra*), communications between lawyer and client, as well as documents – electronic or otherwise - discussing such communications, are relevant and must be produced. Additionally, despite Akin Gump's uncited assertions to the contrary, the magistrate never ruled the requests were irrelevant. In fact, while he rejected a request for an extension of time for Care Comm to respond to a summary judgment motion, he expressly instructed Care Comm to submit a Rule 56(f) affidavit stating what it expected to procure from its third-party subpoenas. (*See* 7/20/06 Order.) Finally, Akin Gump's

5

assertion that Care Comm does not need Akin's documents because Defendants have produced the documents they intend to use <u>in support of their defense</u> is absurd. Such an argument would allow a party asserting a defense to produce only favorable documents to their position and prevent opposing parties from discovering unfavorable information. Defendants cannot use its privilege with Akin Gump as a sword in its litigation by advocating "advice of counsel", while at the same time asserting attorney-client privilege or work product doctrine as a shield to protect against the opposing party testing the legitimacy of that claim. *Intex*, 2005 U.S. Dist. LEXIS, at *10-11.

## IV.   Conclusion

Akin Gump admits to possessing relevant documents responsive to the subpoena. The fact that such documents are electronic, and may not have been sent to Defendants, is irrelevant and does not provide a legitimate excuse for Akin Gump to avoid its duties under the subpoena. *See* Fed. R. Civ. P. 34; *Echostar, supra*. To the extent Akin Gump possesses electronic copies of communications – including email – with Defendants, or it possesses documents discussing communications with Defendants (whether actually sent to Defendants or not), <u>they must be produced</u>.

_____
Douglas E. Jackson (USDCDC No. 41855)
Andrew G. Beshear (USDCDC No. 477303)
Jack A. Wheat
Joel T. Beres
John W. Scruton
Jennifer L. Kovalcik
STITES & HARBISON, PLLC
400 West Market Street
Suite 1800
Louisville, KY 40202-3400
COUNSEL FOR PLAINTIFF,
CARE COMM, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was sent by first class mail, postage prepaid on this 21 day of August, 2006 to the counsel listed below:

Samuel D. Hinkle IV
Emily L. Pagorski
Stoll, Keenon & Park, LLP
2650 AEGON Center
400 West Market Street
Louisville, Kentucky 40202

David G. Greene
Allen C. Wasserman
Gregory T. Casamento
Lord, Bissell & Brook LLP
885 Third Avenue, 26th Floor
New York, New York 10022

David L Comerford
R. Brendan Fee
Akin Gump Strauss Hauer & Feld, LLP
One Commerce Square, 22nd Floor
2005 Market Street Suite 2200
Philadelphia, PA 19103

_____
Counsel for Care Comm, Inc.

CA287:00CAC:543270:1:LOUISVILLE