IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



RECEIVED
OCT 1 2 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| CARE COMM, INC., | Case No. 06-mc-00356-GK |
|     Plaintiff, | |
| vs. | |
| PBM PRODUCTS, INC., et. al., | |
|     Defendants. | |

### NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF CARE COMM'S MOTION TO COMPEL AKIN GUMP STRAUSS HAUER & FELD

On October 4, 2006, Akin Gump submitted additional authority in the form of an order from a Magistrate Judge in the United States District Court for the Western District of Kentucky. This order involved a separate motion to compel Joel Bock, a former lawyer for PBM. Akin Gump did not notify this Court that the United States District Court for the District of New Jersey had already ruled that Mr. Bock's deposition could go forward pursuant to Care Comm's subpoena and had only reserved the issue of privilege for the Western District of Kentucky—an issue which the Magistrate Judge wholly failed to address. Akin Gump further failed to advise this Court that Care Comm has filed objections to the Magistrate Judge's Order which are currently pending before the Western District of Kentucky. *See* attached Exhibit (A). Care Comm expects the Order to be overturned.

Akin Gump correctly identifies the problematic reasoning of the Magistrate Judge's Order: that the party serving the subpoena (Care Comm) did not "prove" that the party refusing to comply with the subpoena (Bock - who also refused to provide a privilege log) possessed non-privileged, responsive documents that had not been previously produced by someone else. The Magistrate's Order is nonsensical and improper as a matter of law. The order improperly shifts the burden of proof to the party who serves a subpoena—and does not have access to the documents—rather than properly placing it on the party refusing to comply with a subpoena who

has actual possession of the documents and who is in the position to know what documents exist. Where a party refuses to produce documents on the grounds cited by Akin Gump and Bock (work product, over-breadth, duplication), the withholder—not the subpoenaing party—bears the burden of proof. *See In re Subpoena of Michael Kroll*, 224 F.R.D. 326, 328 (E.D.N.Y. 2004) (withholding party bears burden of proof for privilege objections); *Sentry Ins. v. Shivers*, 164 F.R.D. 255, 256 (D. Kan. 1996) (withholder bears burden of proof for objections). Further, as part of its burden, a withholding, party (here, Akin Gump) has the burden to prove its objections through both affidavits and a privilege log. *See Baruteau v. Krane*, 206 F.R.D. 129, 131 (W.D. Ky. 2001); Fed. R. Civ. P. 45(d)(2).

Akin Gump has offered neither. Failure to submit such proof waives its objections and Akin Gump must be forced to fully comply with the terms of the subpoena. *See GFL Adv. Fund v. Colkitt*, 216 F.R.D. 189, 195 (D.D.C. 2003).

As a practical matter, Akin Gump's argument would also provide a "fool-proof" manner for any subpoenaed party to dodge its discovery obligations and destroy a discovering party's right to secure documents from third parties under the Federal Rules. A party like Akin Gump could object to a subpoena, refuse to search its documents, and fail to even produce a privilege log (as Akin Gump has) regardless of the relevance and discoverability of the items requested in the subpoena. Without having the benefit of a crystal ball, there would simply be no way that the subpoenaing party could know or even begin to "prove" exactly what documents are within the withholder's possession or control. Thus, by simply refusing to comply with a subpoena altogether, a withholding party could avoid any and all discovery obligations. A ruling allowing such a tactic would effectively eviscerate the subpoena power under Rule 45 for the Federal Rules of Civil Procedure. Akin Gump's refusal to comply with the subpoena and its failure to offer any proof of its objections thereto should not be tolerated.

2

Care Comm requests this Court grant its motion to compel, especially considering that Akin Gump refuses to produce a privilege log and admits to possessing non-privileged documents responsive to this subpoena.

*Douglas E. Jackson* (signature)
Douglas E. Jackson (USDCDC No. 41855)
Andrew G. Beshear (USDCDC No. 477303)
Jack A. Wheat
Joel T. Beres
John W. Scruton
Jennifer L. Kovalcik
STITES & HARBISON, PLLC
400 West Market Street
Suite 1800
Louisville, KY 40202-3400
COUNSEL FOR PLAINTIFF,
CARE COMM, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was sent by first class mail, postage prepaid on this 12 day of October, 2006 to the counsel listed below:

Samuel D. Hinkle IV
Emily L. Pagorski
Stoll, Keenon & Park, LLP
2650 AEGON Center
400 West Market Street
Louisville, Kentucky 40202

David L Comerford
R. Brendan Fee
Akin Gump Strauss Hauer & Feld, LLP
One Commerce Square, 22nd Floor
2005 Market Street Suite 2200
Philadelphia, PA 19103

David G. Greene
Allen C. Wasserman
Gregory T. Casamento
Lord, Bissell & Brook LLP
885 Third Avenue, 26th Floor
New York, New York 10022

*Douglas E. Jackson* (signature)
Counsel for Care Comm, Inc.

3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CARE COMM, INC.,

    PLAINTIFF

v.

PBM PRODUCTS, INC.,
PBM PHARMACEUTICALS, INC., and
WYETH,

    DEFENDANTS.

CIVIL ACTION NO.: 3:04-CV-601-S

**PLAINTIFF'S OBJECTION TO THE MAGISTRATE'S ORDER
DENYING PLAINTIFF'S MOTIONS TO COMPEL
COMPLETION OF DISCOVERY**

Pursuant to Fed. R Civ. P. 72, Plaintiff, Care Comm, Inc. ("Care Comm"), submits this Objection to the Magistrate's Order [DK No. 68] (1) denying Plaintiff's Motion to Compel Defendants to Complete Discovery Obligations [DK No. 58] and (2) denying Care Comm's Motion to Compel the deposition of and production of documents by Joel Bock [DK No. 61]. For the reasons set forth below, Care Comm respectfully submits that the Magistrate's Order as to both motions was clearly erroneous and contrary to law. Accordingly, Care Comm requests that the Court overrule the Magistrate's Order and grant the orders initially requested by Care Comm's motions. A combined proposed order is submitted herewith for the Court's consideration.

**I.    INTRODUCTION**

Plaintiff Care Comm is a small local company, principally operated by one woman—its president, Mary Anne Arnold. Care Comm is engaged in litigation with PBM Products, Inc., a major national supplier of baby formula that bills itself as "one of the fastest-growing, privately

-1-

owned consumer products companies in the country," the related entity PBM Pharmaceuticals, and Wyeth (collectively, "PBM"). Care Comm brought this action to end PBM's infringement of Care Comm's federally registered BRIGHT BEGINNINGS trademark.

Despite Care Comm's relatively small size, Care Comm has produced about 89 boxes of documents in response to PBM's discovery requests in this litigation, while PBM has continued to stonewall Care Comm's attempts at discovery. To date, the defendants have collectively produced less than one box of documents. This Objection is directed to the Magistrate's rulings on two motions to compel discovery which, unless reversed, will allow PBM's stonewalling efforts to succeed. The Magistrate's rulings are both contrary to law and clearly erroneous, and therefore, the Court should overrule the Magistrate's decisions under the standard provided in Rule 72(a) of the Federal Rules of Civil Procedure.

## II.   FACTS AND ANALYSIS

Care Comm requested that PBM produce documents relating to various topics and also sought documents and a deposition from Joel Bock, who is PBM's former trademark counsel. Mr. Bock communicated directly with Care Comm before this litigation began in an effort to surreptitiously purchase Care Comm's mark for PBM. Mr. Bock is also relevant because he assisted with PBM's attempted registration of their BRIGHT BEGINNINGS mark. His advice to PBM is relevant as a result of PBM's "advice of counsel" defense. PBM's paltry efforts to provide the requested documents, interference with Care Comm's taking of a 30(b)(6) deposition of PBM, and assertion of privilege to block Care Comm's deposition of Mr. Bock led to Care Comm's filing of the two Motions to Compel that are involved here.

The merits of the Motions to Compel are fully briefed in Care Comm's original filings: Care Comm's Motion to Compel Defendants to Complete Discovery Obligations and Memorandum in Support [DK Nos. 58 and 60]; Care Comm's Motion to Compel PBM to Permit

Production of Documents by and Deposition of Joel Bock [DK No. 61]; PBM's Combined Response to Plaintiff's Motions to Compel [DK No. 62]; and Care Comm's Reply to PBM's Response to Care Comm's Motions to Compel PBM and Bock to Complete Discovery Obligations ("Reply") [DK No. 65].

Rather than restate the merits at length in this Objection, Care Comm relies on its prior papers and summarizes the facts and issues presented by each motion below.

### A. Motion to Compel Completion of Discovery by PBM, Including Document Production and 30(b)(6) Deposition.

The first motion is addressed to PBM, and seeks to compel PBM to complete its discovery obligations by producing documents in response to Care Comm's timely-served discovery requests and allowing Care Comm to resume the deposition of PBM under FRCP 30(b)(6) with a knowledgeable witness and without improper and obstructionist tactics by PBM's attorneys.

There is no question or dispute that Care Comm's discovery requests were served in sufficient time that responses were due before the end of discovery as set by the Magistrate. PBM does not dispute that critical fact. However, the Magistrate denied that motion solely on the ground that Care Comm "chose to wait weeks before discovery concluded to begin its [discovery] efforts in earnest, and must now live with the collateral consequences of that decision." Magistrate's September 15, 2006 Order [DK No. 68].

The Magistrate did not even reach the merits of Care Comm's Motion to Compel, but instead denied the Motion solely on timeliness grounds *even though it is undisputed that responses were due well before the close of discovery*. That decision was clearly erroneous and should be overruled.

There simply is no basis for denying a motion to compel on grounds that the discovery was untimely where the discovery was served in sufficient time that the responses were due before the assigned date for completion of discovery. Such a theory not only gives PBM the ability to unilaterally render Care Comm's requests "untimely" by failing to provide complete responses, but also encourages PBM's dilatory and obstructionist behavior. PBM concedes that its responses were due within the time provided for discovery. PBM even provided a response—albeit an incomplete response—within the discovery period. While the Magistrate is correct that Care Comm cannot extend the discovery period, for example, to obtain new documentary discovery following up on facts newly revealed in PBM's documents, Care Comm is entitled to complete the production that PBM was obligated to provide during the discovery period.

Care Comm's motion seeks to compel PBM to produce a privilege log, along with six categories of documents: (1) PBM's internal correspondence regarding the selection and adoption of the BRIGHT BEGINNINGS mark; (2) PBM's financial records documenting revenues and expenditures; (3) documents relating to newsletters PBM offered under the BRIGHT BEGINNINGS mark; (4) documents relating to PBM's "advice of counsel" defense; (5) PBM's pre-litigation attempt to purchase Care Comm's mark; and (6) documents previously maintained by Wyeth that were transferred to PBM. All of the documents sought are highly relevant to this action.

Privilege Log: The privilege log is required by FRCP 26(b)(5). The log is especially critical here because by interposing the advice of counsel defense, PBM has waived the attorney-client privilege as to documents relating to advice related to adoption and use of the BRIGHT BEGINNINGS mark. Care Comm is entitled to determine what documents PBM is withholding from discovery on grounds of privilege notwithstanding that broad waiver. Without a proper

-4-

privilege log, Care Comm has no way of demonstrating that PBM is improperly withholding documents. Such documents may undercut PBM's claim to have reasonably relied on advice of counsel in adopting and using the BRIGHT BEGINNINGS mark.

Internal correspondence about the mark: PBM's documents relating to selection and adoption of the BRIGHT BEGINNINGS mark are highly relevant. It is difficult to believe that, after hiring a third party vendor to perform focus group studies in preparation for a major branding effort on which PBM would ultimately spend over 11 million dollars, PBM would not retain any records relating to the focus groups or any discussions leading up to the selection of BRIGHT BEGINNINGS to be PBM first brand of baby formula. PBM should be required to produce those documents or give a complete description of all areas searched that is not limited to paper documents, including e-mail servers, computer hard drives or other electronic files, back-up or archive files, in addition to paper records of the people involved.

Financial records: PBM has produced only brief summaries of its financial records. It should be required to produce sufficient records that Care Comm can confirm that those summaries accurately reflect revenues and profits earned from products sold under the BRIGHT BEGINNINGS mark. Further, PBM should be required to gather those documents and produce them in a reasonable and efficient manner, rather than requiring Care Comm's counsel to travel to multiple locations in different states.

Newsletters: Although PBM claims it has not distributed newsletters despite advertisements on its website, PBM should be required to produce other related documents. PBM's website advertises newsletters. Surely, before PBM began that advertising it had created drafts, business plans, or other documents concerning the newsletters to be offered under the BRIGHT BEGINNINGS mark.

Advice of counsel: PBM should be required to produce documents related to its "advice of counsel" defense, particularly including *any* advice it received about adoption, registration, or use of the BRIGHT BEGINNINGS mark. Those may include documents from outside counsel to PBM, other documents created in-house by PBM, or billing statements for work by the counsel on whose advice PBM says it relied. Although PBM asserts that neither PBM's initial counsel on the BRIGHT BEGINNINGS matter (the Akin Gump firm) nor later counsel Joel Bock has any discoverable information, discovery cannot be foreclosed simply on PBM's assertion. Care Comm is entitled to review the documents relating to PBM's defenses – not simply those PBM has determined *support* that defense. With respect to Mr. Bock, PBM's contention that it does not rely on Mr. Bock's advice for its defense misses the point. If Mr. Bock gave advice but PBM did not follow it, Care Comm is entitled to know that too, in connection with the reasonableness of PBM's reliance on the Akin Gump advice.

Attempts to purchase the mark: Documents relating to PBM's pre-litigation attempt to purchase the BRIGHT BEGINNINGS mark are relevant to PBM's willfulness in using Care Comm's mark and the value PBM places on the mark, among other issues. Full discovery of documents related to that effort should be provided.

Wyeth documents transferred to PBM: When PBM purchased a manufacturing facility from Wyeth, numerous documents created by Wyeth were transferred to PBM. Those documents relate to such facts as volume of production of products sold under the BRIGHT BEGINNINGS mark and geographic location of those sales. PBM should be required to produce responsive documents withheld by Wyeth on the basis that they were transferred to PBM.

Continued deposition of PBM's 30(b)(6) witness: It is elementary that a witness designated under FRCP 30(b)(6) is a representative testifying on behalf of the corporation, and is

required to be knowledgeable on the subjects identified for questioning. PBM concedes that its 30(b)(6) representative, Mr. Schramm, was unable to testify as to certain facts because he was not a witness to those facts. But PBM is required to provide a knowledgeable witness. Because it did not provide a witness that was knowledgeable about subjects such as the basis for PBM's financial summaries and advice received from PBM's former counsel Akin Gump about the BRIGHT BEGINNINGS mark, Care Comm is entitled to complete production of those documents and entitled to resume the deposition with a knowledgeable witness – be that Mr. Schramm or someone else. Further, Care Comm is entitled to complete that deposition without improper deposition tactics on the part of PBM's counsel.

### B.  Motion to Compel Testimony and Document Production by Joel Bock.

Care Comm's second Motion regarding enforcement of a subpoena timely served to Joel Bock, Care Comm seeks to obtain testimony and documents highly relevant to (a) PBM's "advice of counsel" defense from PBM's former trademark counsel, Joel Bock as well as (b) Mr. Bock's attempts to purchase Care Comm's BRIGHT BEGINNINGS mark before this litigation began. Care Comm served a subpoena on Mr. Bock in early June 2006.

There is no dispute as to whether Care Comm may take the deposition of Joel Bock, as determined by the United States District Court for the District of New Jersey (where Mr. Bock's subpoena was issued). *See* Docket No. 61 and attached Order. Mr. Bock's communications with Care Comm's President, Mary Anne Arnold, when tying to surreptitiously purchase the mark are not privileged and are the subject of relevant discovery. Rather, the issue with Bock is the scope of any privilege PBM may assert regarding Mr. Bock's trademark advice rendered to PBM.

PBM admits it knew about Care Comm's registration of BRIGHT BEGINNINGS when PBM began using an identical mark. PBM has tendered the defense of advice of counsel – i.e. that it did not *willfully* infringe Care Comm's mark because it acted in good faith reliance on

counsel's advice. Having tendered that defense, PBM waived the attorney-client and work-product privileges with respect to the advice it received—from any counsel—in deciding to adopt and use the BRIGHT BEGINNINGS mark. Care Comm seeks to obtain testimony and documents from Mr. Bock about that advice. That information will go to the extent and reasonableness of PBM's reliance on counsel's advice despite PBM's knowledge of Care Comm's federal registration for the BRIGHT BEGINNINGS mark. Mr. Bock also can testify about his pre-litigation communications to PBM's President, Mary Anne Arnold, concerning PBM's attempted purchase of the Mark.

By asserting the "advice of counsel" defense, PBM waived any attorney-client privilege as to communications with all counsel relating to the registrability, infringement, validity, and enforceability of the BRIGHT BEGINNINGS mark. *See Convolve, Inc. v. Compaq Computer Corp.*, 224 F.R.D. 98, 109 (S.D.N.Y. 2004); *KW Muth Co. v. Bing-Lear Mfg. Group*, 219 F.R.D. 554, 564 (E.D. Mich. 2003); *see also* Care Comm's supporting memorandum, declaration, and exhibits submitted to the New Jersey District Court attached as Exhibits 4 and 5 to its Motion to Compel PBM to Permit Production of Documents by and Deposition of Joel Bock (the "Bock Motion") [DK No. 61]. A defendant that raises advice of counsel as a defense waives the privilege as to *all* communications between counsel and client concerning the "subject matter of the opinion." *See Micron Tech. v. Rambus, Inc.*, 2006 U.S. Dist. LEXIS 40009 (D.Del. 2006); *United States v. Skeddle*, 989 F. Supp. 917 (N.D. Ohio 1997). The "subject matter of the opinion" includes "*all* communications to and from counsel *concerning the transaction* for which counsel's advice was sought." *Greene, Tweed of Delaware, Inc. v. Dupont Dow Elastomers, LLC.*, 202 F.R.D. 418, 421 (E.D. Pa. 2001) (emphasis added).

> The party opposing the defense of reliance on advice of counsel must be able to test what information had been conveyed by the

>  client to counsel and vice-versa regarding the advice – whether counsel was provided with all material facts in rendering their advice, whether counsel gave a well-informed opinion and whether that advice was heeded by the client.

*Glenmeade TrustCo. v. Thompson*, 56 F.3d 476, 486 (3d Cir. 1995). PBM may not limit Care Comm's discovery about advice of counsel to the two letters that PBM has chosen to disclose. Because PBM seeks to block Mr. Bock's deposition and production of documents on these topics under the guise of a privilege that it has waived (see PBM's objections, attached as Exhibit 7 to the Bock Motion), the Court should compel production.

Because Mr. Bock is located in New Jersey and would not consent to the jurisdiction of this Court, Care Comm first moved to compel compliance with its subpoena to Joel Bock in the United States District Court for the District of New Jersey. The New Jersey District Court determined that the Western District of Kentucky was the appropriate forum to determine the scope of PBM's asserted attorney-client privilege as it pertains to Mr. Bock and ordered Mr. Bock to produce responsive documents and appear for a deposition in compliance with Care Comm's subpoena within fourteen days after a ruling from this Court as to the scope or waiver of the asserted privilege.

The Magistrate never addressed the scope or waiver of the privilege and instead denied Care Comm's motion to compel discovery from Mr. Bock on the ground that Care Comm "has not met its burden of establishing that Mr. Bock has any relevant, non-privileged information or documents that have not already been produced to Care Comm." There are at least three problems with that ruling. First, because neither Mr. Bock nor PBM produced a privilege log on this matter, Care Comm has no way of knowing what documents Mr. Bock may have that have not been produced on grounds of privilege, nor does it have any way of challenging any privilege claim. In short, Care Comm cannot establish what relevant, non-privileged documents Mr. Bock

-9-

may have if neither Mr. Bock nor PBM will tell Care Comm what documents he has. As PBM's former counsel on the BRIGHT BEGINNINGS matter, however, it is clearly likely that Mr. Bock has relevant documents as to which the privilege has been waived.

Second, because it is undisputed that Mr. Bock had conversations with Care Comm's president about purchase of the BRIGHT BEGINNINGS mark, it is clear that Mr. Bock has knowledge about what happened in those conversations. Certainly, conversations with the adverse party cannot be privileged, and PBM does not deny that Mr. Bock had those conversations. Accordingly, there can be no doubt that Mr. Bock has relevant, non-privileged information.

Third, with respect to advice Mr. Bock may have given PBM about the BRIGHT BEGINNINGS mark, that advice is non-privileged as a result of PBM's advice of counsel defense, and is relevant to the reasonableness of PBM's actions. Without the ability to conduct a deposition and ask Mr. Bock about these incidents, Care Comm cannot meet the Magistrate's burden of proving the existence and extent of that information. Accordingly, the Magistrate's Order should be overruled.

### III. CONCLUSION

Care Comm served all of the requests for discovery, notices of deposition, and subpoenas that are the subject of its motions to compel well before the discovery cut-off, as described in Care Comm's memoranda. PBM failed to provide full responses to that discovery. Mr. Bock has relevant and non-privileged information that Care Comm has not had the opportunity to explore. For all the foregoing reasons, the Magistrate's Order denying Care Comm's motions to compel discovery should be overruled, and the motions should be granted to prevent PBM's continued gamesmanship.

Respectfully submitted by:

/s/ Jennifer L. Kovalcik

---

Jack A. Wheat
Joel T. Beres
John W. Scruton
Jennifer L. Kovalcik
Andrew G. Beshear
STITES & HARBISON, PLLC
400 West Market Street, Suite 1800
Louisville, KY 40202-3352
Telephone:   (502) 587-3400
*Attorneys For Plaintiff Care Comm, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed through the Court's electronic filing system on this 29th day of September 2006, and electronically served in accordance therewith. Paper copies were served via U.S. Mail, postage prepaid, upon the following counsel who are not signed up to receive electronic service:

David G. Greene
Allen Wasserman
LORD, BISSELL & BROOK, LLP
885 Third Avenue, 26th Floor
New York, New York 10022

/s/ Jennifer L. Kovalcik
---
One of the Counsel for Plaintiff

:552425

-11-